CONCURRING OPINION
BROWN, J.,
November 29, 1990
I join in the opinion of the Honorable Clinton W. Smith. This concurring opinion is written only to express my belief in the importance of a factual pleading system as required by Rule 1019(a) of the Pa. Rules of Civil Procedure. Rule 1019(a) specifically mandates the pleading of material facts in defenses as well as in stating a cause of action. The rule states: “The material facts on which a cause of action or defense is based shall be stated in a concise and summary form.” Rule 1019(a) of the Pa. Rules of Civil Procedure.
To allow a party in defense to engage in nonfactual pleading by simply asserting a defense does not help define the real issues of a case or put the opposing party on notice of the claims (defenses) which will actually be litigated. Instead, as discussed by Judge Smith at page 395 of his opinion, a defense attorney will be tempted to engage in boilerplate listing of affirmative defenses. In this case, *397 the factual basis asserted by the defendants at argument en banc for the contributory negligence claim could easily have been contained in new matter at an early stage. To the extent defendants could not fairly raise a factual basis in the time allotted to answer the complaint, the remedy fashioned by Judge Smith’s Order has provided them with an appropriate opportunity to amend their pleadings.
In conclusion, I believe that the decision of Judge Smith fosters , a more meaningful pleading process consistent with the Pa. Rules of Civil Procedure while preserving a fair opportunity for a defendant to amend his pleading upon discovery of new or additional facts.
Accordingly, I join in Judge Smith’s decision.